UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 13-00734-JGB (DFM) | Date | July 6, 2015 |
|---|---|---|---|
| Title | Ceasar Santillan v. Joseph Davis et al. | | |

Present: The Honorable   Douglas F. McCormick

| Terri Steele | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**     (In Chambers) Order to Show Cause

    Plaintiff filed his complaint in this matter on April 22, 2013. Dkt. 5. On April 28, 2014, Plaintiff filed a first amended complaint. Dkt. 48 ("FAC"). Defendants moved to dismiss. Dkt. 49. At the same time he opposed Defendants' motion to dismiss, Plaintiff sought leave to file a second amended complaint to add Bowman, Ha, Sires, and Welch as Defendants. Dkt. 54. The Court granted Plaintiff leave to file the second amended complaint and the second amended complaint was filed on September 30, 2014. Dkt. 63, 64 ("SAC").

    This Court then filed an order directing service of process on Ha, Sires, and Welch by the United States Marshal. Dkt. 65. (Service on Bowman was not necessary because she had already appeared.) On December 8, 2014, USM-285 Process Receipt and Return forms were filed by the United States Marshal regarding efforts to serve Ha, Sires, and Welch. Dkt. 73, 76, and 78. The deputy marshal who signed the form indicated that defendants were no longer employed by the Arrowhead Regional Medical Center and hence service could not be made at the address provided by Plaintiff. Id.

    The Court accordingly authorized Plaintiff to propound written discovery to the hospital to obtain defendants last known address. Dkt. 81. Based presumably on the hospital's discovery responses, Plaintiff subsequently submitted additional documents to the United States Marshal for service. Dkt. 94.

    On May 18, 2015, and June 8, 2015, additional USM-285 forms were filed reflecting that service had been attempted but not made on Ha, Sires, and Welch at the addresses provided by Plaintiff. Dkt. 100, 101, and 103.

    Meanwhile, the case is proceeding forward. The other defendants have answered and taken discovery. The deadline for filing summary judgment motions is September 18, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-00734-JGB (DFM) | Date | July 6, 2015 |
|---|---|---|---|
| Title | Ceasar Santillan v. Joseph Davis et al. | | |

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Rule 4. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990); accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)). However, when advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [he] has knowledge." Puett, 912 F.2d at 274–275 (quoting and citing with approval Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987)). If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal may be appropriate. See Walker, 14 F.3d at 1421–1422 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where the prisoner failed to show "that he provided the marshal with sufficient information to serve [the defendant]"); see also Puett, 912 F.2d at 276 (vacating dismissal under Rule 4(m) and remanding for proper service by the U.S. Marshal where the record revealed that the lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

Therefore, it is Plaintiff's burden to provide sufficient information to enable the U.S. Marshal to serve Ha, Sires, and Welch. Plaintiff has not done so, despite being notified of the continued defective service when he was served with a copy of the most recent unexecuted process return over a month ago. He has not provided additional identifying information about these unserved defendants, requested an extension of time to serve him, or taken any other steps to address or remedy this service defect. Accordingly, the Court ORDERS Plaintiff to show cause in writing by no later than July 31, 2015, why this Court should not recommend that this action be dismissed without prejudice as to defendants Ha, Sires, and Welch for failure to make timely service under Rule 4(m).

|  |  | : |  |
|---|---|---|---|
|  | Initials of Clerk | ts | |